**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

BRANDON SHAW,                          )
                                       )
              Petitioner,              )
                                       )
     v.                                )          No. 4:20-cv-01221-MTS
                                       )
SHAWN KAHL,                            )
                                       )
                                       )
              Respondent.              )

## MEMORANDUM AND ORDER

This matter comes before the Court on review of petitioner Brandon Shaw's petition for

writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). For the reasons discussed

below, the petition will be denied and dismissed.

### Background

Petitioner is a self-represented litigant who is currently incarcerated at the Macoupin

County Jail in Carlinville, Illinois. On October 3, 2001, petitioner was found guilty in Missouri

state court of two counts of first-degree assault, and two counts of armed criminal action. *State of*

*Missouri v. Shaw*, No. 22011-01498 (22nd Jud. Cir., St. Louis City).[1] On November 30, 2001, he

was sentenced to fifteen years' imprisonment and five years' imprisonment respectively on the

two first-degree assault convictions, the sentences to run consecutively. He was also given three

years' imprisonment on each of the armed criminal action convictions, with those sentences run

---

[1] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

concurrently to the first-degree assaults. Petitioner did not file a direct appeal or motion for postconviction relief.

On March 19, 2003, petitioner filed a motion with the Missouri Court of Appeals, seeking leave to file a late notice of appeal. *State of Missouri v. Shaw*, No. ED82677 (Mo. App. 2003). The Missouri Court of Appeals denied petitioner's motion, explaining that the Court of Appeals did not have jurisdiction to grant petitioner's request because it had been more than a year since his judgment became final.

Petitioner subsequently filed a state petition for writ of habeas corpus on August 1, 2003. *Shaw v. McCondichie*, No. 03CV745852 (33rd Jud. Cir., Mississippi County). The petition was denied on January 1, 2004. Petitioner next filed a petition for writ of habeas corpus in the Missouri Court of Appeals. *In re Shaw*, No. SD26567 (Mo. App. 2004). The Missouri Court of Appeals denied the petition on October 7, 2004. Petitioner later filed a petition for writ of habeas corpus in the Missouri Supreme Court. *State ex rel. Shaw v. Dwyer*, No. SC87077 (Mo. 2005). The petition was denied on November 1, 2005.

On June 15, 2006, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Missouri. *Shaw v. Steele*, No. 4:06-cv-936-CAS (E.D. Mo.). The petition challenged petitioner's conviction in *State of Missouri v. Shaw*, No. 22011-01498 (22nd Jud. Cir., St. Louis City). The petition was dismissed on August 21, 2009. Petitioner did not appeal.

Since petitioner's § 2254 petition was dismissed, petitioner has filed numerous postconviction actions in state court, all of which have been rejected. *See State v. Shaw*, No. 22011-01498 (22nd Jud. Cir., St. Louis City, Mar. 3, 2016) (describing petitioner's filing history in an order denying his Missouri Supreme Court Rule 29.12(b) motion).

Petitioner filed the instant action on September 9, 2020.

### The Petition

As noted above, petitioner is a self-represented litigant currently incarcerated at the Macoupin County Jail in Carlinville, Illinois. He has filed a 28 U.S.C. § 2254 petition on a Court-provided form. In the petition, he states that he is challenging his conviction in *State of Missouri v. Shaw*, No. 22011-01498 (22nd Jud. Cir., St. Louis City).

Petitioner presents two separate grounds for relief. First, petitioner states that his trial counsel was ineffective because of an alleged conflict of interest. (Docket No. 1 at 5). Specifically, petitioner accuses his trial counsel of representing both him and a co-defendant. (Docket No. 1 at 7). Second, petitioner asserts that he is actually innocent of the charge for which he was convicted. (Docket No. 1 at 12). In particular, petitioner states that he was not "the person that fired the shotgun at [the] victim['s]…car." (Docket No. 1 at 14).

With regard to the 28 U.S.C. § 2254 petition that was previously filed, petitioner states that he "has not been able to effectively present grounds One and Two in state or federal court," because the Missouri circuit court "withheld the record of the transcript of the trial and sentencing proceedings for approximately 13 years, due to [petitioner] being unable to afford the cost for said record." (Docket No. 1 at 19). As such, he asserts that the State of Missouri hindered him "from effectively presenting and litigating the grounds stated herein." (Docket No. 1 at 20).

Toward the end, petitioner requests that the Court treat his "petition as a common law writ of coram nobis, pursuant to 28 U.S.C. § 1651." (Docket No. 1 at 24). He asserts that coram nobis allows a person to attack their conviction, even after the term of the sentence has been served. Petitioner further argues that coram nobis "is available without the limitation of time," and that the one-year statute of limitations in 28 U.S.C. § 2244(d) does not apply to bar his petition. As a result,

3

petitioner contends that he "should be entitled to an opportunity to show that the trial court...was without power and lost jurisdiction to proceed to judgment and convict [him]." (Docket No. 1 at 27).

## Discussion

Petitioner is a self-represented litigant who brings this petition pursuant to 28 U.S.C. § 2254, though he also requests that it be treated as a writ of coram nobis. For the reasons discussed below, the petition must be denied and dismissed because it is successive. *See* 28 U.S.C. § 2244(b). Furthermore, petitioner cannot use a petition for writ of coram nobis to challenge a state criminal conviction.

### A. Successive Petition

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to all petitions for federal habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326-29 (1997). Under the AEDPA, there is a "stringent set of procedures" that a state prisoner "must follow if he wishes to file a second or successive habeas corpus application challenging that custody." *Burton v. Stewart*, 549 U.S. 147, 152 (2007). Generally, a claim presented in a "successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). For claims in a successive application that were not presented in a prior application, however, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3)...to the filing of a second or successive habeas petition").

4

Here, as noted above, petitioner filed a prior application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 15, 2006. That petition challenged the same conviction being attacked in the instant case. Petitioner's earlier petition was dismissed on August 21, 2009, and petitioner did not file an appeal.

To the extent petitioner seeks to relitigate claims he brought in his original § 2254 petition, those claims must be dismissed pursuant to 28 U.S.C. § 2244(b)(1). To the extent that petitioner seeks to bring new claims for habeas relief, he must first obtain leave from the United States Court of Appeals for the Eighth Circuit before bringing those claims in this Court. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not been granted leave to file a successive habeas petition by the Eighth Circuit Court of Appeals. As such, the petition must be denied and dismissed as successive.

### B. Coram Nobis

Despite bringing this action pursuant to 28 U.S.C. § 2254, petitioner asks the Court to treat the "petition as a common law writ of coram nobis pursuant to 28 U.S.C. § 1651." Petitioner makes this request in order to avoid the one-year limitations period of 28 U.S.C. § 2244(d). However, as discussed above, the instant petition is subject to dismissal because it is successive, and because petitioner has not been granted leave by the United States Court of Appeals to file a successive petition. Petitioner cannot avoid the authorization requirement by simply retitling his § 2254 petition as a petition for writ of coram nobis. *See United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) ("It is well established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure").

Furthermore, coram nobis relief cannot be granted to a petitioner seeking to invalidate a state conviction. As noted by petitioner, the United States Supreme Court has determined that a

5

writ of coram nobis can be used to correct errors occurring during a criminal proceeding, even if the defendant is no longer in custody. *United States v. Morgan*, 346 U.S. 502, 505-11 (1954). *See also Kandiel v. United States*, 964 F.2d 794, 796 (8th Cir. 1992) (stating that in a federal criminal case, a defendant who is no longer custody may be able to challenge his conviction by means of a petition for writ of coram nobis). However, coram nobis is only available in the court of conviction, as part of the original case, and not as a separate action before another court. *Morgan*, 346 U.S. at 505 n.4 (stating that an application for coram nobis relief "is a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil [p]roceeding"). *See also Booker v. State of Ark.*, 380 F.2d 240, 243 (8th Cir. 1967) (stating that "[p]rocedurally, coram nobis is a step in the original criminal proceeding itself"), *overruled in part on other grounds by Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); and *Trackwell v. Nebraska*, 126 Fed. Appx. 336, 337 (8th Cir. 2005) (dismissing appeal "because a defendant may seek coram nobis relief only from the court that rendered judgment").

As noted above, coram nobis relief must be sought in the court of conviction. Because of this requirement, such relief is not available in federal court for individuals who are challenging a state court conviction. *See Booker*, 380 F.2d at 244 (stating that coram nobis relief "is available, if at all, only in the court which rendered the judgment under attack"). *See also Menchaca v. Nebraska*, 2018 WL 3009118, at *1 (D. Neb. 2018) (stating that petitioner could not challenge his state criminal conviction by seeking a writ of coram nobis in federal court); *Finkelstein v. Spitzer*, 455 F.3d 131, 134 (2nd Cir. 2006) (agreeing with other Circuits "that the district courts lack jurisdiction to issue writs of coram nobis to set aside judgments of state courts"); *Obado v. New Jersey*, 328 F.3d 716, 718 (3rd Cir. 2003) (stating that petitioner "can seek coram nobis relief only in state court"); *Thomas v. Cunningham*, 335 F.2d 67, 69 (4th Cir. 1964) (explaining that "coram

nobis…cannot issue under the instant proceeding…for the judgments are not in the court which [petitioner] has petitioned"); *Sinclair v. Louisiana*, 679 F.2d 513, 514 (5th Cir. 1982) (stating that "[i]t is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments"); *Lowery v. McCaughtry*, 954 F.2d 422, 423 (7th Cir. 1992) (stating that coram nobis cannot be used "to set aside a judgment rendered by another court"); and *Rivenburgh v. Utah*, 299 F.2d 842, 843 (10th Cir. 1962) (stating that "use of the writ is limited by tradition and rule…and cannot be used as a…collateral writ of error between state and federal jurisdictions").

For individuals who are challenging a federal conviction or sentence, a writ of coram nobis may be a viable alternative to habeas corpus when sought in the same court where the conviction occurred. *See Kandiel*, 964 F.2d at 796. Petitioner, however, is not challenging a federal conviction or sentence that occurred in this Court. Instead, he is challenging a Missouri state court conviction. As such, coram nobis relief is not available to him. Therefore, to the extent that petitioner is seeking relief pursuant to coram nobis, the petition must be dismissed.

## C. Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Here, it plainly appears that petitioner is not entitled to relief because he has previously filed a habeas petition in this Court, and because he has not sought authorization from the United States Court of Appeals for the Eighth Circuit for the filing of a successive petition. Moreover, to the extent that petitioner is seeking to bring a petition for writ of coram nobis, such relief is not available in this Court, because this Court did not render the judgment he is attacking.

**D. Certificate of Appealability**

The Court has considered whether or not to issue a certificate of appealability. In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

**E. Motion to Appoint Counsel**

Petitioner has filed a motion to appoint counsel. (Docket No. 3). The motion will be denied as moot as this petition is being denied and dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) is **DENIED AND DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (Docket No. 3) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability.

Dated this 9th day of October, 2020.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE